| |
|:---:|
| **Pettaway v Jacobowitz** |
| 2025 NY Slip Op 30118(U) |
| January 7, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523417/22 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At Medical Malpractice Early Settlement Part 6 of
the Supreme Court of the State of New York, held
in and for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York, on the
7th day of January 2025.

P R E S E N T:

HON. GENINE D. EDWARDS,
                    Justice.
-------------------------------------------------------------------X
ACEY PETTAWAY, Individually and as Administrator
of the Estate of MARY PETTAWAY, Deceased

                              Plaintiff,

            -against-

ISRAEL J. JACOBOWITZ, M.D.; ZYGMUNT GOLEK, M.D.;
SATHAPPAN KUMAR, M.D.; WENDY REYNOSO, P.A.;
YILAN HUANG, P.A.; MARY ALICE MOORS, N.P.;
SAU M. PANG, R.N.; HELENE SALTER, R.N.;
ANJELIKA KUVALDINA, R.N.; KARINE ARZOUMANOV, R.N.;
MAIMONIDES MEDICAL CENTER; NEW YORK
CARDIOTHORACIC SURGEONS, P.C.; THE SCHULMAN AND
SCHACHNE INSTITUTE FOR NURSING AND REHABILITATION, INC.;
ONE BROOKLYN HEALTH SYSTEM, INC.; CENTER FOR NURSING
& REHABILITATION, INC.; CENTERLIGHT HEALTH SYSTEM, INC.;
PROSPECT ACQUISITION I LLC, d/b/a DOWNTOWN BROOKLYN
NURSING AND REHABILITATION CENTER; CASSENA CARE, LLC;
CASSENA CARE MANAGEMENT SERVICES, LLC; and
CASSENA CARE IPA, LLC,
                              Defendants.
-------------------------------------------------------------------X

DECISION AND ORDER

Index No. 523417/22

Mot. Seq. Nos. 2-3

The following e-filed papers read herein:                    NYSCEF Doc Nos.:

Notice of Motion, Affirmations, and Exhibits............................207-232, 244; 236-242
Affirmations (Affidavits) in Opposition, and Exhibits...................245; 246
CNR's Counsel's Letter to the Court, dated October 17, 2024.........256[1]

---

[1] The Court did not consider plaintiff's counsel's surreply and exhibits thereto (NYSCEF Doc Nos. 247- 255).
*See Alvarellos v. Tassinari*, 222 A.D.3d 815, 201 N.Y.S.3d 489 (2d Dept. 2023); *Pena v. Geisinger Community
Med. Ctr.*, 209 A.D.3d 663, 174 N.Y.S.3d 873 (2d Dept. 2022). Likewise, the Court did not consider DNBR's
counsel's affirmation in opposition to plaintiff's counsel's surreply (NYSCEF Doc No. 257).

[* 1]

In this action to recover damages for (among other things) negligence, violations of the Public Health Law, and wrongful death, defendants Center for Nursing & Rehabilitation, Inc. and Centerlight Health System, Inc. (collectively, "CNR") jointly moved for an order: (1) pursuant to CPLR 3211 (a) (1), dismissing all claims and cross-claims as against them; and (2) in effect, pursuant to 22 NYCRR 130-1.1, for an award of costs and attorneys' fees (Mot. Seq. No. 2). Plaintiff Acey Pettaway, individually and as the administrator of the Estate of his late wife, Mary Pettaway (collectively, "plaintiff"), cross-moved for denial of CNR's motion and for an award of costs and attorneys' fees (Mot. Seq. No. 3).

By Stipulation of Discontinuance, dated September 3, 2024, codefendants Prospect Acquisition I, LLC, d/b/a Downtown Brooklyn Nursing and Rehabilitation Center, Cassena Care, LLC, Cassena Care Management Services, LLC, and Cassena Care IPA, LLC (collectively, "DBNR") discontinued their cross-claims as against CNR. By letter, dated September 4, 2024, CNR's counsel advised the Court that it "withdr[e]w that portion of [its] motion seeking dismissal of the cross-claims, only" (underlining omitted). On October 18, 2024, the Court reserved decision on the portion of CNR's motion which was for dismissal of plaintiff's claims as against it as well as on CNR's and plaintiff's competing requests for an award of costs and attorneys' fees.

**(1)**

It is well established that a motion to dismiss on the ground that the claims are barred by documentary evidence under CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense [to such claims] as a matter of law." *Goshen v. Mutual Life Ins. Co. of New York,*

2

[* 2]

98 N.Y.2d 314, 746 N.Y.S.2d 858 (2002). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity." *Fontanetta v. Doe 1*, 73 A.D.3d 78, 898 N.Y.S.2d 569 (2d Dept. 2010).

Here, contrary to plaintiff's factual allegations, the documentary evidence (as summarized in the margin[2]) unequivocally demonstrated that: (1) DBNR completed the acquisition of the nursing home and its assets from CNR in June 2018 (or approximately six months before plaintiff's decedent's first admission to the nursing home in January 2019); and (2) DBNR (rather than CNR) owned and operated the nursing home during plaintiff's decedent's two separate stays therein from January 2019 to March 2019. *See Getzel Schiff & Pesce, LLP v. Shtayner*, ___ A.D.3d ___, 221 N.Y.S.3d 238 (2d Dept. 2024); *Benson v. Deutsche Bank Nat. Tr., Inc.*, 109 A.D.3d 495, 970 N.Y.S.2d 794 (2d Dept. 2013); *Peter Williams Enters., Inc. v. New York State Urban Dev. Corp.*, 90 A.D.3d 1007, 935 N.Y.S.2d 624 (2d Dept. 2011).[3]

**(2)**

"The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion." *Matter of Khan-Soleil v*

---

[2] *See* the Asset Purchase Agreement, dated as of January 31, 2017, between a CNR entity as seller and an DNBR entity as purchaser for the nursing-home assets located at 520 Prospect Place, also known as 727 Classon Avenue, in Brooklyn, New York (the "nursing home"); the NYS DOH Public Health & Health Planning Council Agenda for the meeting on October 11, 2017 to review the proposed sale of the nursing-home assets by CNR to DNBR; the Certificate of Need Application Summary filed by DNBR with the NYS DOH; the Assumed Name print-out from the NYS Department of State, Division of Corporations for DNBR's trade name for the nursing home; and the Bill of Sale, dated as of June 25, 2018, from a CNR entity to an DNBR entity for the nursing-home assets.

[3] Indeed, plaintiff pleaded in the alternative that DNBR (rather than CNR) owned and operated the nursing home during plaintiff's decedent's aforementioned stays therein from January 2019 to March 2019. *Accord Baker v. Inamdar*, 99 A.D.3d 742, 952 N.Y.S.2d 208 (2d Dept. 2012).

[* 3]

*Rashad*, 111 A.D.3d 727, 974 N.Y.S.2d 798 (2d Dept. 2013). "A motion [or cross-motion] is frivolous if it is completely without merit in law or fact and unsupported by a reasonable argument for an extension, modification, or reversal of existing law, is undertaken primarily to delay resolution of the litigation, or asserts material factual statements that are false." *Scialdone v. Stepping Stones Assoc., L.P.*, 148 A.D.3d 955, 49 N.Y.S.3d 718 (2d Dept. 2017), *appeal dismissed* 29 N.Y.3d 1113, 61 N.Y.S.3d 201 (2017). Under the circumstances, CNR's and plaintiff's competing requests for an award of costs and attorneys' fees are denied in the Court's discretion. *See e.g. Stanecky v. Stanecky*, 200 A.D.3d 819, 155 N.Y.S.3d 115 (2d Dept. 2021).

Based on the foregoing, it is

**ORDERED** that in Seq. No. 2, the extant portion of the initial branch of CNR's motion which is for an order, pursuant to CPLR 3211 (a) (1), dismissing all of plaintiff's claims as against Center for Nursing & Rehabilitation, Inc. and Centerlight Health System, Inc. is granted, plaintiff's complaint is dismissed in its entirety as against each of them with prejudice and without costs or disbursements, and the action is severed and continued against the remaining defendants, and it is further

**ORDERED** that in Seq. No. 2, the remaining branch of CNR's motion which is for an order, in effect, pursuant to 22 NYCRR 130-1.1, for an award of costs and attorneys' fees is denied, and it is further

**ORDERED** that in Seq. No. 3, plaintiff's cross-motion is denied in its entirety, and it is further

4

**ORDERED** that the clerk is directed to enter a judgment in favor of each of Center for Nursing & Rehabilitation, Inc. and Centerlight Health System, Inc., and it is further

**ORDERED** that the caption is amended to read in its entirety as follows:

---------------------------------------------------------------------X

ACEY PETTAWAY, Individually and as Administratror
of the Estate of MARY PETTAWAY, Deceased

Plaintiff,

-against-

ISRAEL J. JACOBOWITZ, M.D.; ZYGMUNT GOLEK, M.D.;
SATHAPPAN KUMAR, M.D.; WENDY REYNOSO, P.A.;
YILAN HUANG, P.A.; MARY ALICE MOORS, N.P.;
SAU M. PANG, R.N.; HELENE SALTER, R.N.;
ANJELIKA KUVALDINA, R.N.; KARINE ARZOUMANOV, R.N.;
MAIMONIDES MEDICAL CENTER; NEW YORK
CARDIOTHORACIC SURGEONS, P.C.; THE SCHULMAN AND
SCHACHNE INSTITUTE FOR NURSING AND REHABILITATION, INC.;
ONE BROOKLYN HEALTH SYSTEM, INC.;
PROSPECT ACQUISITION I LLC, d/b/a DOWNTOWN BROOKLYN
NURSING AND REHABILITATION CENTER; CASSENA CARE, LLC;
CASSENA CARE MANAGEMENT SERVICES, LLC; and
CASSENA CARE IPA, LLC,

Defendants.

---------------------------------------------------------------------X

; and it is further

**ORDERED** that CNR's counsel shall electronically serve a copy of this Decision and Order with notice of entry on the other parties' respective counsel and shall electronically file an affidavit of service thereof with the Kings County Clerk, and it is further

**ORDERED** that the remaining parties are directed to appear for an Alternative Dispute Resolution Conference on July 10, 2025, at 11AM.

This constitutes the Decision and Order of the Court.

ENTER,

Genine D. Edwards
J. S. C.

5

[* 5]